# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SELMA DIVISION

| | |
|---|---|
| MARCUS BRIDGES, ) | |
|     Plaintiff, ) | |
| ) | Case no. _____ |
| v. ) | |
| ) | |
| AMERICAN MODERN ) | |
| PROPERTY AND CASUALTY ) | |
| INSURANCE COMPANY, ) | |
|     Defendant. ) | |

## NOTICE OF REMOVAL

Defendant American Modern Property and Casualty Insurance Company gives notice of the removal of this cause of action from the Circuit Court of Wilcox County, Alabama, to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446 and, as grounds therefor, states as follows:

### I. BACKGROUND

1. Plaintiff Marcus Bridges filed this lawsuit on July 8, 2025, in the Circuit Court of Wilcox County, Alabama, case number CV-2025-900049.

2. American Modern is the sole defendant; it was served with a copy of the Summons and Complaint on July 17, 2025.

3. This Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint, the time allowed under law under 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(d), American Modern serves today a copy of this Notice by electronic filing on Bridges and the Clerk of the Circuit Court of Wilcox County, Alabama. A copy of the Notice of Filing Notice of Removal is attached as Exhibit A.

5. The documents attached hereto as Exhibit B constitute a copy of the Circuit Court's entire file, including the process, pleadings, discovery, and orders served upon American Modern in this action.

6. Venue is proper in this court for purposes of removal under 28 U.S.C. § 1441(a). By filing this Notice of Removal, American Modern does not waive any of its jurisdictional objections or affirmative defenses.

## II. DIVERSITY JURISDICTION EXISTS

7. This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

8. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000, exclusive of interest and costs, and the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

**A.    Amount in Controversy Exceeds $75,000**

9. This is an insurance dispute in which Plaintiff asserts he is entitled to more than $75,000 in coverage benefits.

10. According to the Complaint, Plaintiff's residence, located at 42 Brackett Drive, Pine Hill, Alabama (the "Property") was a total loss following property damage sustained on or about October 26, 2024. *See* Compl. at ¶ 7. Plaintiff alleges American Modern denied coverage for the claim. *Id.*[1]

11. Plaintiff claims damages for Bad Faith for American Modern's denial of coverage (Count 1) and Breach of Contract for American Modern's failure to pay for Plaintiff's alleged property damage (Count II). *See generally* Compl.

12. The subject insurance policy had coverage limits of $127,000 (dwelling) and $50,800 (personal property), plus other coverages. *See* Exhibit C, Affidavit of Mark Daily, at ¶ 6 (along with the Declarations Page attached thereto).

13. Prior to filing suit, Plaintiff made a claim with American Modern for damage to the dwelling and personal property—the personal property inventory submitted had $61,244.97 worth of property (before depreciation in the amount of $19,008.19 was applied) and, while Plaintiff did not submit a sworn statement in proof of loss before filing suit, American Modern evaluated the dwelling and determined that it suffered a total loss, meaning the entire $127,000 coverage limit was implicated. *See* Exhibit C at ¶ 7 (along with the personal property inventory and post-loss investigation report, attached thereto). Accordingly, the total amount in

---

[1] While not pertinent to this Notice of Removal, American Modern notes that this allegation is disputed, as the claim was "breached" rather than denied due to the insured's failure to cooperate, produce requested documents, or sit for a requested examination under oath.

controversy is $177,800 (before factoring in the claims for extracontractual damages).

14. In an action seeking a determination of coverage, the amount in controversy must be measured by the value of the underlying claim. *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010).

15. "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-63 (11th 2010). This means that a district court "need not suspend reality or shelve common sense" when determining whether a complaint facially establishes the amount in controversy. *Id*. at 1063. "Instead, courts may use their judicial experience and common sense in determining whether" the allegations in an underlying complaint meet the jurisdictional amount. *Id*.

16. A party seeking diversity jurisdiction may satisfy its burden to prove the amount in controversy exceeds $75,000 by showing that a complaint, on its face, establishes the amount. *Id*. at 1062-63. Additionally, "[A] district court does not measure the amount in controversy by a plaintiff's statement of his minimal damage expectations, but rather by 'a reasonable reading of the value of the rights being litigated.'" *Id*. at 1063. Thus, a court may conduct an independent appraisal of the

value of the underlying claim, "given that the complaint did not limit its request for damages to a precise monetary amount . . . ." *Id*. "The Fifth and Third Circuits' recognition of a district courts' authority to determine the reasonable value of a claim comports with our precedent . . . ." *Id.*

17. Here, the amount in controversy exceeds the jurisdictional requirement. The Policy limit was $127,000 for the dwelling and $50,800 for contents. The Complaint demands recovery of:

- Costs of Repairs
- Consequential Damages
- Compensatory Damages
- Interest;
- "General damages for mental and emotional distress";
- Attorneys' fees and costs of litigation;
- Punitive damages;
- Costs of suit incurred;

*See* Compl. at ¶¶ 5, 9-10.

18. Thus, Bridge's alleged contractual and compensatory damages (including $177,800 in policy benefits, plus consequential damages), coupled with his bad faith claim, "puts at issue" considerably more than $75,000.

## B.   Parties are Completely Diverse

19.   Plaintiff is a citizen of Wilcox County, Alabama. Ex. B at ¶ 1.

20.   American Modern is an Ohio corporation with its headquarters in Amelia, Ohio. *See* Exhibit D, Records of Ohio Secretary of State.

21.   Thus, complete diversity exists.

### III. CONCLUSION

All of the prerequisites for removal of this action to this Court on the basis of diversity jurisdiction are satisfied. It is clear there is diversity of citizenship between Plaintiff and American Modern, and the amount in controversy exceeds the threshold amount necessary for this Court to exercise jurisdiction. Further, removal is timely because this Notice of Removal is being filed within 30 days of American Modern's receipt of service of the Complaint.

WHEREFORE, American Modern requests this Court accept jurisdiction over this matter.

DATED: August 15, 2025         */s/ Murray Flint*
                               Murray S. Flint (ASB-9164-A10Z)
                               Hannah T. Kennedy (ASB-5267-W14A)
                               *Attorneys for American Modern Property and Casualty Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE, & HIERS, LLP**
1901 6th Avenue North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2401
murray.flint@swiftcurrie.com
hannah.kennedy@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, the foregoing was served on the following attorney of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[✓]  CM/ECF Electronic Filing
[✓]  Email
[ ]  U.S. Mail
[ ]  Facsimile
[ ]  Hand Delivery

Bo Keahey
bo@williamskeahey.com
*Attorney for Plaintiff*

                                                  */s/ Murray Flint*
                                                  OF COUNSEL

4900-9550-3193, v. 1